NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3110

ALBRICE N. FORTENBERRY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

<u>Albrice N. Fortenberry</u>, of Chicago, Illinois, pro se.

<u>Sara B. Rearden</u>, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were <u>B. Chad Bungard</u>, General Counsel, <u>Rosalyn Wilcots</u>, Acting Deputy General Counsel, and <u>Stephanie M. Conley</u>, Acting Assistant General Counsel.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3110

ALBRICE N. FORTENBERRY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH3443070584-I-1.

_____

DECIDED: July 11, 2008

_____

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

## DECISION

Albrice Fortenberry appeals from the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. Fortenberry v. Merit Sys. Prot. Bd., CH-3443-07-0584-I-1 (M.S.P.B. October 23, 2007). Because Fortenberry has not demonstrated that the Board abused its discretion or otherwise committed legal error in its decision, we affirm.

## BACKGROUND

Fortenberry was a mail handler for the United States Postal Service ("USPS") in Chicago, Illinois for nearly ten years. He resigned from his position at USPS, effective

January 12, 1994. After resigning his employment, Fortenberry was incarcerated for a period of time. He was released on May 4, 2007. Upon his release he applied for reinstatement with USPS. On August 2, 2007, Fortenberry filed an appeal to the Board claiming that USPS had unlawfully denied his reinstatement request. Fortenberry claimed that he was told by USPS that ex-felons were not employable at the agency, while the U.S. Department of Labor informed him that USPS could in fact employ ex-felons. Furthermore, he claimed that USPS was required to place him at the top of the list of applicants due to his status as a veteran.

On August 2, 2007, the administrative judge ("AJ") issued an acknowledgement order finding that the Board lacked jurisdiction over USPS's denial of reinstatement, because Fortenberry had not made a non-frivolous claim that he had an appealable action under 5 C.F.R. § 352 or 5 C.F.R. § 353. Those regulations set forth appealable actions as including reemployment requests following a compensable, work-related injury, a return from military duty, and following a reduction in force. Failure to reemploy an ex-felon is not included as an appealable action. The AJ also found that Fortenberry's veterans claim required further evidence to establish Board jurisdiction. The order instructed him to file a response stating the date of the agency's alleged violation, the date that he filed a complaint with the Secretary of Labor, and the date that he received written notification, if any, from the Department of Labor. Fortenberry responded to the order, but did not address the Board's jurisdiction or any correspondence with the Secretary of Labor.

On October 23, 2007, the AJ issued an initial decision dismissing Fortenberry's appeal for lack of jurisdiction. The AJ found that Fortenberry did not raise a non-frivolous claim under 5 C.F.R. § 352 or 5 C.F.R. § 353, nor did he allege that a complaint had been submitted to the Secretary of Labor within 60 days of USPS's alleged violation, as required under 5 U.S.C. § 3330a.

Fortenberry timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's jurisdiction is limited to actions specifically made appealable by law, rule, or regulation. 5 U.S.C. § 7701(a); see Todd v. Merit Sys. Prot. Bd., 55 F.3d 1574, 1576 (Fed. Cir. 1995). Fortenberry, as the appellant, must show by a preponderance of evidence that the Board has jurisdiction over his claim. 5 C.F.R. § 1201.56(a)(2)(i).

Fortenberry has not shown that the Board had jurisdiction to hear his appeal. He has not alleged that his appeal meets any standard for Board jurisdiction found in any law, rule, or regulation. Rather, he alleges that USPS incorrectly believes that ex-felons cannot work at the agency. That question - whether ex-felons may or may not be employed by USPS - is not the issue before us, however. Even if Fortenberry were

2008-3110

correct in his assertion that ex-felons may be employable, USPS's alleged misinterpretation of applicable labor laws still does not create a Board-appealable action. Similarly, the alleged misinformation provided by USPS to Fortenberry regarding his employability with the agency does not establish Board jurisdiction.

Fortenberry also argues that his status as a veteran entitles him to reemployment with USPS. The AJ construed this argument as a Veterans Employment Opportunity Act of 1998 ("VEOA") claim. We similarly construe Fortenberry's claim. To establish Board jurisdiction based on VEOA, Fortenberry must show that he filed an appeal with the Secretary of Labor within 60 days after the date of the agency's violation. See 5 U.S.C. § 3330a. Fortenberry has not claimed that he ever filed a complaint with the Department of Labor. Thus, the Board lacks jurisdiction over his VEOA claim.

Fortenberry has not demonstrated that the Board abused its discretion or otherwise committed legal error. Accordingly, we affirm the Board's decision.

No costs.